May Term, 1850.

———

THE·STATE
v.
POOL.

</div>

---

## THE STATE *v.* POOL.

The 15th and 20th sections of c. 35 of R. S. 1843, on the subject of officers returning certificates of marriage, do not create a distinct offence each month after the expiration of three months the officers so solemnizing the marriage shall fail to file such certificate.

ERROR to the *Fountain* Circuit Court.

SMITH, J.—This was an indictment found in *March*, 1849, against *Pool*, a justice of the peace, charging him with having solemnized a marriage in *August*, 1845, and with having failed to file in the clerk's office a certificate thereof within three months after the said marriage was solemnized, and "for a long time thereafter, to-wit, to the finding of the" indictment. The indictment was quashed, on motion.

<div style="text-align:right">

*Monday,*
*October* 28.

</div>

It was founded on the 15th and 20th sections of chapter 35, Revised Statutes, which are as follow:

"Sect. 15. Every person who shall solemnize any marriage by virtue of the provisions of this article, shall, within three months thereafter, file a certificate thereof in the clerk's office of the county in which such marriage was solemnized."

"Sect. 20. If any person, having solemnized a marriage, shall fail or neglect to file a certificate thereof in the proper clerk's office, as in this article required, he shall, upon conviction thereof, upon indictment in any Court having competent jurisdiction, be fined the sum of 5 dollars for every month he shall continue to fail or neglect to file such certificate, from and after the expiration of the time within which he is required by this article to file the same."

One of the reasons given for quashing the indictment is, that it appears upon its face that the prosecution is barred by the statute of limitations.

The 3d section of chapter 54 R. S. is as follows:

"All prosecutions for offences, the punishment of which is fine only, and of which the Circuit Court has jurisdiction, shall be commenced within one year after the commission of the offence, and not afterwards."

The counsel for the state contends that the defendant is liable to be prosecuted for his failure to file a certificate during the months falling within the year immediately preceding the pending indictment, though a prosecution for failure to file a certificate during the months intervening between the period of three months after the marriage was solemnized, and that commencing one year before the indictment was found, is barred by the statute.

Under the well known rule that penal statutes must be construed strictly, we think this position is not tenable.

The offence contemplated by the 15th section of the statute is the failure to file a certificate of the marriage within three months thereafter. The 20th section prescribes the penalty for such failure, which is 5 dollars for each month which shall have elapsed from the time with-

in which he is required to file the certificate, and that of the finding of the indictment, during which he shall have continued to fail or neglect to perform that duty. We do not think these sections should be construed to create a new distinct offence each month after the expiration of three months the person solemnizing the marriage shall fail to file such certificate. If such was the case, the prosecutor could not be permitted to prove several distinct offences under one count.

*Per Curiam.*—The judgment is affirmed.

*R. A. Chandler,* for the state.